ALB:RMP

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

– – – – – – – – – – – X

UNITED STATES OF AMERICA

- against -

QUILVIO DORVILLE,

        Defendant.

– – – – – – – – – – – X

**To Be Filed Under Seal**

COMPLAINT AND AFFIDAVIT
IN SUPPORT OF AN
APPLICATION FOR AN
ARREST WARRANT

(T. 21, U.S.C., § 846)

Case No. 21-MJ-1327

EASTERN DISTRICT OF NEW YORK, SS:

    KENNETH ALFORD, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed to law and acting as such.

    In or about November 2021, within the Eastern District of New York and elsewhere, the defendant QUILVIO DORVILLE, together and with others, did conspire to knowingly and intentionally manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, one or more controlled substances, to wit, heroin, a Schedule I controlled substance, and N-phenyl-N- [ 1- ( 2-phenylethyl ) -4-piperidinyl ] propenamide ("fentanyl"), a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1).

    (Title 21, United States Code, Section 846).

    The source of your deponent's information and the grounds for his belief are as follows:[1]

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause to arrest, I have not described all the relevant facts and circumstances of which I am aware.

2

1.      I am a Special Agent of the FBI assigned to the New York Office, Squad C-23.  I have participated in investigations of narcotics and money laundering activities, including surveillance, arrests, and the execution of warrants.  I am familiar with the methods used to import, transport, and distribute controlled substances, including heroin and fentanyl.  I am familiar with the facts and circumstances of this investigation from my personal participation in this investigation, and from information obtained from other law enforcement agents and others.

2.      I am involved in the investigation of, among others, the defendant QUILVIO DORVILLE, for distributing narcotics, including heroin and fentanyl, in multiple kilogram quantities into the New York City Area.

3.      As part of this investigation, a confidential informant ("CI-1") has communicated with the defendant QUILVIO DORVILLE, whom CI-1 knows by the first name "Quilvio."[2]  CI-1 has communicated with the defendant many times via telephone and text message, some of which electronic communications have been made while CI-1 was in Queens, about acquiring narcotics for distribution in Queens and Brooklyn.  All of these communications have been recorded.

4.      The phone number that CI-1 has used to communicate with the defendant QUILVIO DORVILLE appears in a New York City Police Department ("NYPD") complaint made by DORVILLE in July 2018.  At that time, DORVILLE identified this phone number as

---

[2] CI-1 (and CI-2, discussed below) has been assisting law enforcement in exchange for compensation and the potential for immigration benefits.  All information provided by CI-1 (and CI-2) described in this affidavit has been independently corroborated by law enforcement review of recorded communications.

his own phone number in his report to the NYPD, and also gave his name, date of birth, and address.

5. The phone number that CI-1 has used to communicate with the defendant QUILVIO DORVILLE is also registered to cell phone subscriber account with a billing address that matches the address that DORVILLE gave to the NYPD in the July 2018 report. This address is the address to a particular apartment unit, which is associated with DORVILLE in other public and law enforcement databases.

6. CI-1 has identified a known photograph of the defendant QUILVIO DORVILLE, taken from a law enforcement database, as the man he knows as "Quilvio."

7. During the recorded discussions between the defendant QUILVIO DORVILLE and CI-1, in early November 2021, DORVILLE agreed to send CI-1 one kilogram of heroin on consignment to be distributed Queens and Brooklyn.

8. The defendant QUILVIO DORVILLE subsequently gave CI-1 an address in the Bronx to pick up the heroin. On or about November 8, 2021, CI-1 went to the address, and met an individual that I later learned was co-conspirator Michael M. Bautista, and received a bag from him. That bag contained approximately 900 grams of a substance that tested positive for heroin.

9. CI-1 told the defendant QUILVIO DORVILLE that the delivery was short of the full kilogram, and DORVILLE told CI-1 that the price was adjusted for the difference. On or about November 10, 2021, CI-1 met with DORVILLE and gave him approximately $10,000 as an initial payment for the November 8 heroin. CI-1 was to pay the remaining balance—over $20,000—when the heroin was sold.

4

10. The defendant QUILVIO DORVILLE and CI-1 continued to discuss further narcotics transactions and to arrange a time for CI-1 to pay DORVILLE for the balance owed, and also to purchase additional heroin and fentanyl. DORVILLE and CI-1 agreed that CI-1 would deliver the remaining balance for the November 8 heroin and receive an additional kilogram of heroin, as well as a kilogram of fentanyl, on November 16, 2021.

11. On November 16, 2021, the defendant QUILVIO DORVILLE told CI-1 to go to the same address as before. At the direction of agents, another confidential informant ("CI-2") was sent to that address for the meet. Upon arrival, I saw Bautista enter CI-2's car carrying what appeared to be two reusable shopping bags. Bautista's entry into the car with the two bags was also recorded on video.

12. The vehicle pulled away from the curb with Bautista and CI-2 in it, and uniformed officers of the NYPD pulled the vehicle over and arrested Bautista.[3] The two bags that Bautista had brought to CI-2 were recovered from the vehicle. One of the shopping bags contained a clear plastic bag with approximately 807 grams of a white powder, which tested positive for heroin. The other shopping bag contained a clear plastic bag with an approximately 944-gram, tan pressed-brick, which tested positive for fentanyl.

13. Based on the foregoing facts, I submit that there is probable cause to believe that the defendant QUILVIO DORVILLE has committed violations of, inter alia, Title 21, United States Code, Section 846.

WHEREFORE, your deponent respectfully requests an arrest warrant for the defendant QUILVIO DORVILLE so that he may be dealt with according to law.

---

[3] On November 17, 2021, Bautista made his initial appearance before U.S. Magistrate Judge Marcia M. Henry on a criminal complaint filed in the Eastern District of New York. See United States v. Michael M. Bautista, 21-MJ-1313.

5

## Sealing Request

14. I further request that the Court issue an order sealing, until further order of the Court, all papers submitted in support of this application, including the affidavit and arrest warrant. Based upon my training and experience, premature disclosure of the contents of this affidavit and related documents will seriously jeopardize the investigation, including by giving the defendant and other targets an opportunity to flee from prosecution, destroy or tamper with evidence and change patterns of behavior.

*Kenneth Alford*
KENNETH ALFORD
Special Agent
Federal Bureau of Investigation

Transmitted to me by reliable electronic means
and sworn to by telephone this
18th day of November, 2021

*Marcia M. Henry*
THE HONORABLE MARCIA M. HENRY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK